### G. A. LEWIS v. STATE.

No. A-2708.   Opinion Filed September 15, 1917.

Rehearing Denied September 24, 1918.

(174 Pac. 1094.)

1.    **HOMICIDE—Assault with Intent to Kill—Defenses.** A person who is being tried for shooting at A., and who interposes as his defense that he shot at B. in self-defense, and accidentally shot A., cannot complain of the court for refusing to admit testimony that has no bearing on the defense he relies upon.

2.    **TRIAL—Requested Instructions—Given Instructions.** When instructions of the court clearly cover all the issues in the case, it is not error to refuse a request for additional instructions, which would serve the purpose only of giving undue prominence to some particular feature of the case.

*Appeal from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

G. A. Lewis was convicted of assault with intent to kill, and he appeals. Affirmed.

*Utterback & McDonald* and *G. F. Deck,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, G. A. Lewis, was convicted in the district court· of Bryan county on a charge of assault with intent to kill, and his punishment fixed at imprisonment in the state penitentiary for one year. The information charges the plaintiff in error with shooting his wife, Sydney Lewis, with a pistol, in Durant, in Bryan county, Okla., on the 13th day of March, 1915.

It appears from the evidence that the plaintiff in error and his wife had separated; that divorce proceedings were pending in the district court of Bryan county; that counsel had advised the accused that the result of his divorce suit depended largely upon the conduct of his wife; that he was watching her, and upon the night in question went from his home in the northwest part of the city of Durant to the business district to buy some groceries, and from the grocery store went to the Union depot; that he was armed with a pistol; that he saw his wife, Sydney Lewis, a Mrs. Moody, and two men walking on the platform, on the south side of the depot, going west; that he stood in the shadow near the west end of the depot, and as the parties approached from the east fired three shots. ·

The testimony on behalf of the state tends to establish that the accused shot at his wife and wounded her seriously; that another shot hit one of the men; that Mrs. Moody and Mrs. Lewis were walking together; that the men were some few feet ahead of them; that neither of the four parties said or did anything to provoke the plaintiff in error. On his own behalf, the accused testified that one of the men, named Rowsey, was attempting to shoot him, as he thought, and that he shot at Rowsey in self-defense, and did not shoot at his wife. He testified that Rowsey had hold of his wife's arm. Rebuttal on behalf of the state refuted these statements, and also showed that

Rowsey at the time of the shooting was unarmed. In fact, it is very clear from the record that the parties never saw the plaintiff in error until he was in the act of firing on them. After he fired the shot he ran away, hid the pistol, and when arrested pretended to know nothing about the transaction.

There are only two propositions urged in the brief. The first is based upon the contention that the court erred in refusing to admit certain testimony offered by the plaintiff in error to the effect that he had had trouble with his wife prior to their separation, in which she had attempted to assault him. The plaintiff in error testified to these facts himself, and offered members of his family—children by his first wife—to substantiate them. Counsel contend that this testimony was competent for the purpose of showing the ill feeling existing between the parties and to support the testimony of threats said to have been made by Mrs. Lewis, which had been testified to in his behalf.

We are unable to conclude that this was error. The plaintiff in error himself testified that he did not shoot at Mrs. Lewis, but shot at Rowsey; that he was not attempting to injure her. Ill feeling, therefore, between the two would not have been material to his defense, which was the contention that he shot at Rowsey in self-defense. Even though the testimony contended for was admissible, it would not be sufficient to reverse this judgment, for the reason that the plaintiff in error himself testified to all the facts, and no one denied them. It is very clear from the record that nobody was harming him, or attempting to do so. He was a mean and jealous husband, who was separated from his wife, and was either shooting at her with intent to kill, or shooting with a reckless disregard for others, without provocation in law.

The next proposition is based upon the contention that the court erred in refusing to give certain requested instructions upon the right of self-defense. Among others, the court gave the following:

"The defendant for his defense in this case says that the shooting of Sydney Lewis was accidental, and that he shot at one Rowsey in. his necessary self-defense, and inadvertently and accidentally hit Sydney Lewis. If the defendant was justified under the law in shooting at Rowsey, and did in fact shoot at him and accidentally hit Sydney Lewis, then the shooting was accidental, and no crime was committed; but, if the defendant was not justified in shooting at Rowsey, and shot at him unlawfully and with intent to kill him, but, instead of hitting him, hit Sydney Lewis, then he would be guilty. The law in that event would impute to him the intent to kill Sydney Lewis. If you find beyond a reasonable doubt, under the evidence in the case, that the defendant intentionally and wrongfully shot at Sydney Lewis with the specific intent to kill Sydney Lewis, then there is no self-defense in the case.

"On the plea of the defendant that he shot at Rowsey in his necessary self-defense and hit Sydney Lewis, you are instructed as follows: The law gives to a person the right to fight in the defense of his person, and where he is unlawfully attacked by another he may use such force as reasonably appears to him to be necessary to protect himself. But the law of self-defense does not imply the right of attack, and where one is the aggressor in a difficulty he has no right to use force upon his adversary and plead that he did so in self-defense. Where one is attacked unlawfully, the danger to himself may not necessarily be real; but before he would have the right to act upon the appearance of danger it must appear to him as a reasonable man that he is in actual danger, and that the same is imminent, and he must really believe that to be true.

"If you believe from the evidence in this case, or have a reasonable doubt thereof, that the defendant did not at-

tack Sydney Lewis, or the man Rowsey, and that he had no intent to kill either of them, and upon meeting them Rowsey made an attack upon the defendant, or that he made such a demonstration toward the defendant that it appeared to the defendant that he was about to receive serious bodily injury at the hands of Rowsey, and the defendant actually and really believed that he was in imminent danger of being killed or injured, and that it was necessary for him to shoot Rowsey in order to prevent being killed or injured, and he thereupon shot at Rowsey, under those circumstances he would be justified in shooting at Rowsey, and if the bullet struck Sydney Lewis, the shooting of her would be accidental, and the defendant should be acquitted. In ascertaining those facts you should review the circumstances from the standpoint of the defendant at that time."

Under the facts disclosed by the record, the instructions were eminently fair to the plaintiff in error, and the court properly refused the requested instruction.

Finding no error prejudicial to the substantial rights of the plaintiff in error, the judgment is affirmed.

DOYLE, P. J., and MATSON, J., concur.